IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ANTONIO LAMONT JONES,

    Petitioner,

v.                                            Civil Action No. **3:16CV801**

UNITED STATES DISTRICT COURT,

    Respondent.

### REPORT AND RECOMMENDATION

Antonio Lamont Jones, a federal inmate proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1). The Government has moved to dismiss, asserting that Jones lacks standing. (Mem. Supp. Mot. Dismiss 6–10, ECF No. 6.) Alternatively, the Government requests that this Court stay consideration of the habeas petition pending a ruling on Jones's Motion Requesting a Superseding Presentence Investigation Report ("PSR") by the United States District Court for the District of Columbia. (*Id.* at 1.) For the reasons set forth below, it is RECOMMENDED that Jones's § 2241 Petition be DISMISSED as moot.

**A.    Procedural History**

On January 23, 2015, the District Court for the District of Columbia sentenced Jones to 90 months of imprisonment and five years of supervised release for possession with intent to distribute 28 grams or more of cocaine base. (*Id.* at 4.) In its Memorandum in Support of the Motion to Dismiss, the Government states,

> The Criminal Docket for [Jones's] case indicates that the Court dismissed a second count charging Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year . . . . However, there is no indication that the two-point [Special Offense Characteristic] enhancement for possession of [a] firearm was likewise dismissed.

(*Id.* at 4–5 (internal citations omitted). )

On October 20, 2015, the Bureau of Prisons ("BOP") completed an offense review to determine whether Jones was eligible for early release should he successfully complete the BOP's Residential Drug Abuse Program ("RDAP"). (*Id.* at 5.) Pursuant to BOP policy, staff concluded that Jones did not qualify for early release because, in light of the two-point firearm sentencing enhancement, his conviction for possession with intent to distribute "involved the carrying, possession, or use of a firearm" and "by its nature or conduct, presented a serious potential risk of physical force against the person or property of another." (*Id.*) Jones subsequently appealed the BOP's determination that he was ineligible for early release and exhausted his administrative remedies on the subject. (*Id.*)

On September 28, 2016, the Court received the instant § 2241 Petition from Jones. In his § 2241 Petition, Jones raises the following claims for relief:[1]

    Claim One:    Whether or not BOP [Designation and Sentence Computation Center's] refusal to review sentencing records for error of Presentenc[e Investigation] Report compelled [an] incorrect finding of a conviction for a crime of violence. (§ 2241 Pet. 6.)

    Claim Two:    Whether or not BOP['s] further interpretation of a "crime of violence," using sentencing factors [such] as a conviction violat[es] Jones['s] due process rights. (*Id.* at 7.)

As relief, Jones requests that,

> the Courts [] clarify . . . that [Jones] does not have an enhancement or conviction for a firearm to clear up the use of the misinformation used by [Bureau of Prisons Designation and Sentence Computation Center] . . . that determine[d] him ineligible for the one year earlier release. Also, whether the Program Statement is a legislative rule or an interpretive rule [] in which the BOP exceeds its statutory authority by categorically considering sentencing factors [such] as [a] conviction for a "crime of violence." If so, the one year early release be granted.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to Jones's submissions. The Court corrects the capitalization and punctuation in the quotations from Jones's § 2241 Petition.

2

(*Id.* at 8.)

On September 7, 2017, the Court received from the Government a Notice suggesting that this Court find Jones's § 2241 Petition is moot. ("Notice," ECF No. 9.) In its Notice, the Government explains that the United States District Court for the District of Columbia has issued an Order striking the two-point firearm enhancement from Jones's PSR. (*Id.* at 2.) The Government also provided a print-out from the BOP's Sentry System showing that Jones has been deemed eligible for early release should he successfully complete RDAP. (Notice Ex. 2 at 3, ECF No. 9–2.)

**B.     Analysis**

Title 18 U.S.C. § 3621(e)(2)(B) provides that federal prisoners convicted of nonviolent offenses who remain in custody after the completion of treatment in RDAP may receive a reduction in their sentences of up to one year. Relatedly, in the present action, Article III, clause 2, of the United States Constitution limits federal court jurisdiction to actual "cases" and "controversies." Ripeness, mootness, and political question are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220–21 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[ is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Here, Jones has received the twofold relief he requested: his sentencing court corrected his PSR to reflect that he did not receive a two-point firearm enhancement, and the BOP determined he is eligible for early release should he successfully complete RDAP. Because

3

Jones has received his requested relief, the matter is now moot.[2] *See Abbott v. Fed. Bureau of Prisons*, 771 F.3d 512, 513 (9th Cir. 2014) ("The claims presented in [petitioner's] initial habeas petition regarding the legality of the BOP's [] RDAP eligibility rule . . . are rendered moot by the BOP's decision to admit him to the RDAP program. [Petitioner] has received all the relief sought in his original petition: RDAP participation . . . and consideration for early release.").

C.  **Conclusion**

Accordingly, it is RECOMMENDED that the action be DISMISSED as moot.

Jones is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Jones and counsel for Respondent.

It is so ORDERED.

Date: October 12, 2017
Richmond, Virginia

/s/
Roderick C. Young
United States Magistrate Judge

---

[2] Jones's second claim may be read as a broader challenge to the BOP's RDAP policy of rendering ineligible for early release inmates with convictions or sentencing enhancements for a "crime of violence" as defined in D.C. Code § 23-1331(4). (*See* § 2241 Pet. 8; 28 C.F.R. § 550.55.) However, the Court is still compelled to find such a challenge moot because Jones has received his requested relief. *See Ross*, 719 F.2d at 694 (noting "mootness is judged by the actual interests of the litigants involved . . . ." (citation omitted)).